UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS,<br><br>                Plaintiff,<br>    v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>                Defendants. | CASE NO. 3:23-cv-05568-BHS<br><br>ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* |

The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22. On June 27, 2023, Plaintiff Tiffany Recinos filed a proposed civil Complaint and application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that she is unemployed. *See* Dkt. 1 at 1. Plaintiff receives $1,848 per month in social security benefits. *Id*. She has no cash on hand, no funds in her checking account, and $4,000 in her savings account. *Id*. at 2. Plaintiff has no assets and describes her monthly expenses as "home upkeep" without a dollar amount. *Id*.

**Review of the Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In the proposed Complaint, while difficult to decipher, it appears that Plaintiff is alleging some type of fraud by Defendants relating to two speeding violations committed by her minor son, "CR." Dkt. 1-1 at 2–3. As relief she seeks to have the violations removed from her son's driving record, as well as any revocation and license suspension clauses related to the violations. *Id*. at 3.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Federal Rule of Civil Procedure 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Rule 12(b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss

frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiff's Claims.** Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Here, the proposed Complaint does not contain a short, plain statement showing Plaintiff is entitled to relief. Dkt. 1-1. Plaintiff does not provide factual allegations explaining how her rights were violated and the alleged wrong-doing of each Defendant. Rather, Plaintiff provides vague, conclusory statements that do not adequately explain the facts of this case or the rights allegedly violated. In sum, Plaintiff has failed to provide clarity regarding the nature of her claims sufficient to show what happened, when it happened, who was involved, and how those acts violated her rights. As such, Plaintiff has not stated a short and plain statement of a claim showing she is entitled to relief.

To proceed with this lawsuit, Plaintiff must file an amended Complaint. The amended Complaint must include a short, plain statement clearly stating the factual allegations supporting her claims and provide clarity regarding what claims she is attempting to bring in this lawsuit.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

While it appears any attempt by Plaintiff to amend the proposed Complaint would be futile, in an abundance of caution, the Court finds Plaintiff should be afforded an opportunity to

amend her proposed Complaint to try to state a claim. Plaintiff's proposed amended Complaint, if any, should be filed on or before August 11, 2023.

**Decision on Application to Proceed IFP.** A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987).

Based upon the above analysis of the deficiencies in the proposed Complaint, the Court finds it appropriate to re-note Plaintiff's Application to Proceed IFP (Dkt. 1) to August 11, 2023.

Accordingly, it is hereby **ORDERED** that:

- Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is **RENOTED** to **AUGUST 11, 2023;** and

- Plaintiff's proposed amended Complaint, if any, **IS DUE** on or before **AUGUST 11, 2023**.

Dated this 12th day of July, 2023.

Grady J. Leupold
United States Magistrate Judge