UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

Defendants.

CASE NO. 3:23-cv-05568-BHS

REPORT AND RECOMMENDATION

Noting Date: September 15, 2023

The District Court has referred Plaintiff Tiffany Recinos' pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed Complaint to United States Magistrate Judge Grady J. Leupold pursuant to Amended General Order 11-22. On June 27, 2023, Plaintiff filed a proposed civil Complaint and Application to Proceed *In Forma Pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1. The Court screened Plaintiff's proposed Complaint, identified deficiencies in the proposed Complaint, and directed Plaintiff to file an

//

//

//

amended Complaint curing the deficiencies. Dkt. 4. On July 27, 2023, Plaintiff filed a proposed amended Complaint.[1] Dkt. 7.

The Court has reviewed Plaintiff's proposed amended Complaint (Dkt. 7) and finds Plaintiff has not cured the deficiencies identified in the Court's Order Allowing Amended Complaint and Renoting Application to Proceed *In Forma Pauperis* ("Order") (Dkt. 4). Therefore, the Court recommends this case be dismissed without prejudice for failure to state a claim and the Application to Proceed *In Forma Pauperis* ("IFP") (Dkt. 1) be denied.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that she is unemployed. *See* Dkt. 1 at 1. Plaintiff receives $1,848 per month in social security benefits. *Id*. She has no cash on hand, no funds in her checking account, and $4,000 in her savings account. *Id*. at 2. Plaintiff has no assets and describes her monthly expenses as "home upkeep" without a dollar amount. *Id*.

**Review of the Amended Complaint.** The Court has carefully reviewed the proposed amended Complaint in this matter. Because Plaintiff filed this proposed amended Complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

In the proposed amended Complaint, while difficult to decipher, it appears that Plaintiff is alleging some type of fraud by Defendants or an unnamed attorney relating to two speeding

[1] Plaintiff also filed an amended Complaint on July 21, 2023. Dkt. 5. As it appears to be identical to the amended Complaint filed on July 27, 2023 (Dkt. 7), the Court will refer to Plaintiff's later filed Complaint (Dkt. 7) herein. The earlier filed proposed amended Complaint (Dkt. 5) should be stricken.

violations committed by her minor son, "C.E.R." Dkt. 7. As relief, she seeks to have the police records relating to the violations subpoenaed, the violations themselves removed from her son's driving record, as well as removal of any revocation and license suspension clauses related to the violations. *Id*. at 2.

***Sua Sponte* Dismissal.** The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Analysis of Plaintiff's Claims.** Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Here, the proposed amended Complaint does not contain a short, plain statement showing Plaintiff is entitled to relief. Dkt. 7. Plaintiff does not provide factual allegations neither explaining how her rights were violated nor describing the alleged wrongdoing of each named Defendant. Rather, Plaintiff provides vague, conclusory statements that do not adequately explain the facts of this case or the rights allegedly violated. In sum, Plaintiff has failed to provide clarity regarding the nature of her claims sufficient to show what happened, when it happened, who was involved, and how those acts violated her rights. As such, Plaintiff has not stated a short and plain statement of a claim showing she is entitled to relief.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). Plaintiff has been put on notice of the deficiencies of her proposed Complaint, but did not cure the deficiencies. Dkts. 4, 7. Accordingly, the Court recommends Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**Conclusion.** The Court finds Plaintiff has failed to state a claim upon which relief can be granted despite being notified of the deficiencies of the Complaint. Therefore, the Court

recommends the case be dismissed for failure to state a claim and additional leave to amend not be given. As the Court finds Plaintiff has failed to state a claim, the Court recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied. Finally, the Court recommends that all other proposed Motions (Dkts. 3, 5, 6, 9) be stricken.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 15, 2023, as noted in the caption.

Dated this 25th day of August, 2023.

Grady J. Leupold
United States Magistrate Judge