UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY RECINOS,<br><br>            Plaintiff,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>            Defendant. | CASE NO. C23-5568 BHS<br><br>ORDER |

THIS MATTER is before the Court on Magistrate Judge Grady J. Leupold's Report and Recommendation (R&R), Dkt. 10, recommending that the Court deny pro se plaintiff Tiffany Recinos's application for leave to proceed *in forma pauperis*, and dismiss the case without prejudice, and without leave to amend. Recinos has objected to the R&R. Dkt. 11.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party properly objects

ORDER - 1

when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

Judge Leupold's R&R details the issues with Recinos's proposed complaint, including her failure to state a plausible claim against the State arising out of her minor son's traffic tickets. Judge Leupold ordered her to file an amended complaint, she filed two, and neither cured the noted deficiencies. Dkts. 4, 5, 7. Recinos's claim against the State for what she appears to claim was legal malpractice by an unidentified attorney representing her son is not plausible as a matter of law.

Furthermore, Recinos cannot represent her minor son, or anyone other than herself, in court. Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. There is a pro se exception to this general rule, under which a person "'may appear and act in any court as his own attorney

without threat of sanction for unauthorized practice.'" *Cottringer v. State, Dep't of Employment Sec.,* 162 Wn. App. 782, 787, (2011) (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56 (1978)).

The pro se exception is, however, extremely limited and applies "'only if the layperson is acting solely on her own behalf'" with respect to her own legal rights and obligations. *Cottringer,* 162 Wn. App. at 787–88 (quoting *Wash. State Bar Ass'n*, 91 Wn.2d at 57). Although a non-attorney may appear *in propria persona* on her own behalf, that privilege is personal to her. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). She has no authority to appear as an attorney for anyone other than herself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), *cert. denied*, 347 U.S. 944 (1954).

As the Court has informed Recinos in other cases, it will address in a separate order whether Recinos should be barred under 28 U.S.C. § 1651(a) from further vexatious, harassing, and duplicative filings in this District, absent a pre-filing showing of imminent danger to herself or her property. Recinos will have an opportunity to address that issue before any such order is entered.

Recinos's Objections are **OVERRULED**, the R&R is **ADOPTED**, Recinos's application to proceed *in forma pauperis* is **DENIED**, and the matter is **DISMISSED without prejudice** and **without leave to amend**.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

//

1   Dated this 14th day of September, 2023.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge